UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20748-RAR

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**LESSIE EARL PROCTOR,**

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING DEFENDANT'S MOTION TO DISMISS

THIS MOTION was referred by United States District Judge Kathleen M. Williams to United States Magistrate Judge Edwin G. Torres [ECF No. 84] on March 6, 2019 for a Report and Recommendation on Defendant Lessie Earl Proctor's ("Proctor") Motion to Dismiss the Indictment [ECF No. 79] ("Motion to Dismiss"). On April 12, 2019, Magistrate Judge Torres filed a Report and Recommendation on the Motion to Dismiss [ECF No. 101] ("Report"). In the Report, Magistrate Judge Torres recommends that the Motion to Dismiss be denied and gives the parties fourteen (14) days from service of the Report to file written objections. As of the date of this Order, no party has filed an objection to the Report and the time to do so pursuant to Local Magistrate Rule 4(b) has elapsed. This matter is therefore ripe for disposition.

## BACKGROUND

In the Motion to Dismiss, Proctor argues that his speedy trial rights, as guaranteed by the Sixth Amendment to the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161(b), were violated by the Government in the time it took to file its indictment. Proctor was arrested on June 14, 2018 in Kosciusko, Mississippi on federal charges that had been filed against him and a co-defendant in the Southern District of Florida pursuant to a criminal complaint signed on June 12, 2018 [ECF No. 1]. Proctor was charged with committing several robberies in violation of the

Hobbs Act, 18 U.S.C. § 1951(a), and he appeared in federal court for the Southern District of Mississippi on June 18th, 2018—four days after his arrest. The Government obtained a transfer of Proctor to the Southern District of Florida at that time.

Proctor's transfer to the Southern District of Florida took fifteen days and he appeared before United States Magistrate Judge Chris M. McAliley on July 3, 2018, at which point a detention hearing was set for July 6, 2018 [ECF No. 10]. On July 6, 2018, Magistrate Judge McAliley ordered Proctor to remain detained, requested a competency evaluation, and set the matter for a competency hearing on August 30, 2018 [ECF No. 12] ("Competency Hearing"). After the Competency Hearing, Magistrate Judge McAliley issued an order finding Proctor competent to stand trial on August 31, 2018 [ECF No. 31]. Two weeks later, on September 13, 2018, a grand jury returned a five-count indictment against Proctor [ECF No. 34].

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court must therefore conduct a *de novo* review if a party files a proper, specific objection to a factual finding contained in the report and recommendation. *See, e.g., Macort v. Prem, Inc.*, 208 F. App'x 781, 783-84 (11th Cir. 2006); *Jeffrey S. by Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512-13 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. *See Macort*, 208 F. App'x at 783-84. Legal conclusions are subject to *de novo* review, even if no party specifically objects. *See U.S. v. Keel*, 164 F. App'x 958, 961 (11th Cir. 2006); *U.S. v. Warren*, 687 F.2d 347, 347 (11th Cir. 1982). Mindful of the standard of review, the Court has carefully considered and reviewed the Report, as well as the entire file and record.

## ANALYSIS

The Speedy Trial Act requires that an indictment be filed within thirty (30) days from the date of an individual's arrest.  18 U.S.C. § 3161(b).  The Act excludes certain periods of time from the calculation of this 30-day period.  18 U.S.C. 3161(h). As relevant to this case, the Act excludes time for "delay resulting from any proceedings, including any examinations, to determine the mental competency or physical capacity of the defendant," or "delay resulting from the transportation of any defendant from another district…"   18 U.S.C. §§ 3161(h)(1)(A) and (F).   If travel time from one district to another requires more than ten days from the date a court issues "an order of removal or an order directing such transportation," it will be presumed unreasonable. 18 U.S.C. § 3161(h)(1)(F).

The issue here is whether the 18-day period that it took to move Proctor from Mississippi to Florida resulted in a violation the Speedy Trial Act.   As an initial matter, the speedy trial clock started on June 18, 2018, when Proctor appeared in the Southern District of Mississippi to face the pending federal charges.  *See United States v. Shahryar*, 719 F.2d 1522, 1525 (11th Cir. 1983) ("[I]f one is held by state officers on a state charge and subsequently turned over to federal authorities for federal prosecution, the starting date for purposes of the Act is the date that the defendant is delivered into federal custody.").   Further, Magistrate Judge Torres correctly agreed with the Government's position that 10 days of the aforementioned 18-day period are automatically excluded for transportation purposes pursuant to section 3161(h)(1)(F). Accordingly, and applying the listed exclusions under section 3161(h), the indictment in this case was brought 21 days after Proctor's federal arrest on June 18, 2018—eight days (the 18-day period minus the 10-day exclusion provided by the Act) for Defendant to appear in the Southern District of Florida for his pretrial detention hearing on July 6, 2018, plus the 13 days that passed between Magistrate Judge McAliley's competency finding and the return of the grand jury's indictment on

September 13, 2018.[1]  Therefore, the Government complied with the 30-day period required by the Speedy Trial Act.

In his reply, Proctor maintains that the Government intentionally delayed his transportation from Mississippi to Florida.  However, he has offered no evidence in support of this claim and cited no authority that would allow the Court to disregard the applicable exclusions found within section 3161(h).  Additionally, Proctor's contention that 35 days passed between his arrest and the indictment is unfounded.  Although he agrees that 13 days passed between Magistrate Judge McAliley's competency finding and the indictment on September 13th, his calculation of 22 days between his arrest (which he argues occurred on June 14th, not June 18th) and his detention hearing on July 6th fails to exclude 10 days for transportation purposes under section 3161(h)(1)(F). [2]

## CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation on Defendant's Motion to Dismiss the Indictment [ECF No. 101] is **AFFIRMED AND ADOPTED**.  Accordingly, Defendant's Motion to Dismiss the Indictment [ECF No. 79] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of May, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] Because there was an issue as to Proctor's competency to stand trial, the speedy trial clock was also tolled between July 6th and August 31st—the period during which Proctor's competency to stand trial was being determined. 18 U.S.C. §§ 3161(h)(1)(A).

[2] The date of arrest here is immaterial for purposes of resolving the Motion to Dismiss; if the Court were to accept Proctor's contention that the speedy trial clock began running on June 14, 2018, the Government still complied with the mandates of the Speedy Trial Act.